IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON ELLIS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| C.R. ENGLAND, INC., | § § | |
| Defendant. | § § | |

## NOTICE OF REMOVAL

Defendant C.R. England, Inc ("Defendant") removes this case from the 333rd District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In support of this removal, Defendant states the following:

1. **The Action**. Plaintiff, Shannon Ellis, filed her Original Petition, captioned *Shannon Ellis v. C.R. England, Inc.*, Cause No. 202114229, filed in the 333rd District Court, Harris County, Texas on March 11, 2021 (Petition). *See Exhibit B*. The Petition asserts causes of action under (1) Title VII of the Civil Rights Act of 1964 (Title VII), (2) the Americans with Disabilities Act (ADA), and (3) Chapter 21 of the Texas Labor Code (Chapter 21). Copies of all the pleadings and papers filed in the 333rd District Court, Harris County, Texas of which Defendant is aware, along with all documents required by Local Rule 81, are attached hereto as *Exhibits A-F*.

2. **Statutory Grounds for Removal**. This action is removable under 28 U.S.C. § 1441 for two separate reasons. First, this Court has original subject matter

jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000. Second, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under Title VII and the ADA, and the Court may exercise supplemental jurisdiction over Plaintiff's state law claim under Chapter 21 pursuant to 28 U.S.C. § 1367.

3. **The Parties Are Diverse**. Plaintiff alleges that she is a citizen of the State of Texas. *See Petition*, ¶ 1 (asserting Plaintiff is a resident of Harris County, Texas).[1] Defendant is corporation incorporated under the laws of the State of Utah with its principal place of business located in Salt Lake City, Utah. *Id.* ¶ 2 (asserting Defendant "is a foreign corporation (Utah)"). Therefore, Defendant is a citizen of Utah. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Thus, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied because Plaintiff and Defendant are citizens of different states.

4. **Amount in Controversy**. Plaintiff alleges an amount in controversy of "more than $1 million." *Petition*, ¶ 4. Therefore, the matter in controversy in this action far exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). *Dart*

---

[1] Defendant disputes the allegations in the Petition, contends that it has not engaged in any unlawful conduct of any kind, and denies that Plaintiff is entitled to recover anything by virtue of this action. The statements made in this Notice of Removal regarding Plaintiff's purported damages are proffered for the sole purpose of establishing diversity jurisdiction exists under 28 U.S.C. § 1332(a), including that the parties are citizens of different states, the amount in controversy exceeds $75,000, the causes of action, and nothing more. Defendant does not waive, and hereby expressly preserves, any and all substantive and procedural defenses that may exist regarding any of Plaintiff's claims, including, but not limited to, disputing Plaintiff's purported damages.

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal [requires] only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold").

5. **Federal Question**. Plaintiff alleges violations of Title VII and the ADA for discrimination and retaliation. *Petition*, ¶ 27. Therefore, there is federal question jurisdiction over the claims alleging violations of these federal statutes under 28 U.S.C. § 1331. *See Ft. Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1850 (2019) ("Federal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3) (giving federal courts 'jurisdiction [over] actions brought under this subchapter'")); *Zamora v. GC Servs., L.P.*, 647 F. App'x 330, 331 (5th Cir. 2016) ("The district court had jurisdiction over [the plaintiff's] federal ADA claims under 28 U.S.C. § 1331.").

6. **Supplemental Jurisdiction**. Under 28 U.S.C. § 1367(a), district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Supplemental jurisdiction is proper if the causes of action in question "derive from a common nucleus of operative fact," such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 86 S. Ct. 1130, 1138 (1966). In this case, all of Plaintiff's claims arise directly out of the same "common nucleus of operative fact" relating to alleged discrimination and

retaliation claims arising from her employment with Defendant. *See, e.g., Eustice v. Baker Hughes, a GE Co., LLC*, 2020 WL 8083680, at *1 (S.D. Tex. Sept. 21, 2020), *report and recommendation adopted,* 2021 WL 65062 (S.D. Tex. Jan. 7, 2021) (exercising supplemental jurisdiction over Chapter 21 claim, along with federal question jurisdiction over ADA and Section 504 employment discrimination claims). Plaintiff's claims would normally be tried in a single judicial proceeding, so this Court may exercise supplemental jurisdiction over Plaintiff's Chapter 21 claim. *See* 28 U.S.C. § 1367(a).

7. **Venue for Removal**. The United States District Court for the Southern District of Texas, Houston Division, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed this case, in the 333rd District Court, Harris County, Texas.

8. **Timeliness of Removal.** The timing requirements for removal found in 28 U.S.C. §§ 1446(b)(1) is satisfied here because thirty (30) days have not expired since March 19, 2021, the date on which Defendant was served with a copy of the Summons and Petition by U.S. Certified Mail. *Exhibit C.*

9. **Notice of Removal to Adverse Parties and to State Court Clerk**. Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal to Plaintiff and to the Harris County Clerk. Promptly after filing this Notice of Removal, Defendant shall file and serve a Notice to Adverse Parties and State Court Clerk of Filing of Notice of Removal, a copy of which is attached hereto as *Exhibit E.*

10. **No Waiver**. By filing this Notice of Removal, Defendant does not waive any defenses available to it.

Dated: April 9, 2021                                Respectfully submitted,

                                                    s/ *Emily A. Quillen*
                                                    Emily A. Quillen
                                                    Texas Bar No. 24045624
                                                    S.D. Tex. ID 2050949
                                                    SCOPELITIS, GARVIN, LIGHT,
                                                    HANSON & FEARY, P.C.
                                                    777 Main Street, Suite 3450
                                                    Fort Worth, TX 76102
                                                    Tel: (817) 869-1700
                                                    Fax: (817) 878-9472
                                                    equillen@scopelitis.com

                                                    ATTORNEYS FOR DEFENDANT
                                                    C.R. ENGLAND, INC.


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been filed through the Court's CM/ECF system with copies served upon the following counsel of record electronically on this 9th day of April, 2021:

    Charles H. Peckham
    cpeckham@pmlaw-us.com
    Mary A. Martin
    mmartin@pmlaw-us.com
    PECKHAM MARTIN, PLLC
    Two Bering Park
    800 Bering Drive, Suite 220
    Houston, Texas 77057

                                                    */s/ Emily A. Quillen*
                                                    Emily A. Quillen

4843-2750-6148, v. 4