3/11/2021 2:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51392424
By: Courtni Gilbert
Filed: 3/11/2021 2:44 PM

Cause No. _____

| | | |
|---|---|---|
| SHANNON ELLIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| C.R. ENGLAND, INC. | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff, SHANNON ELLIS (hereinafter "Plaintiff"), and files this, her Original Petition against C.R. ENGLAND, INC. (hereinafter "Defendant") and in furtherance thereof, would respectfully show unto this Court as follows:

### I.

### PARTIES

1.      Plaintiff is an adult resident citizen of Harris County, Texas working in Harris County, Texas where the underlying causes of action arose.

2.      Defendant, C.R. ENGLAND, INC. is a foreign corporation (Utah) and may be served with citation via its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin,

**EXHIBIT B**

Texas 78701. Defendant is a "person" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and is engaged in an industry affecting commerce within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e.  Defendant employs more than 15 employees (501+) and is an "employer" within the meaning of Chapter 21 of the Texas Labor Code and the Civil Rights Act of 1964, as amended, 42 USC §2000e and the Americans with Disabilities Act, as amended.

## II.

## DISCOVERY PLAN, JURISDICTION AND VENUE

3.  Discovery is intended to be conducted under Level 2 as per Rule 190.3 of the Texas Rules of Civil Procedure.

4.  All or part of the complained of transactions occurred in Texas, and the amount in controversy exceeds the Court's minimum jurisdiction.  Pursuant to Rule 47, the amount sought in this case is more than $1 million.

5.  Venue is generally proper in Harris County, Texas as the events giving rise to the cause of action in this lawsuit occurred, in whole or in substantial part, within Harris County, Texas.

6.  Plaintiff pleads the application of Discovery Level II pursuant to TEX.R.CIV.P. 190.3. Pursuant to Rule 47, the amount sought in this case is more than $1 million.

7.  All conditions precedent to jurisdiction have occurred or have been met.

8.  A charge of employment discrimination on the basis of disability and retaliation was timely filed by the Plaintiff with the Equal Employment Opportunity Commission (the "EEOC") and the Texas Workforce Commission within 300 days of the commission of

the unlawful employment practices alleged in this petition.

9.      The EEOC notification of right to sue was mailed on December 16, 2020 and received in the week thereafter.

10.     This Petition has been timely filed after the receipt of the TWC/EEOC notification of right to sue, alternatively, given the application of the Disaster Declarations of Emergency Orders 33, 36 and others as applicable, this petition should be considered timely.

11.     Plaintiff, having exhausted all administrative remedies, now files her lawsuit against Defendant, on the basis of Disability discrimination and harassment and Retaliation in violation of Texas and Federal law.

## III.

## GENERAL FACTS

12.     Defendant is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

13.     Defendant hired, qualified and retained Plaintiff as a truck driver. At all times relevant to this lawsuit, Plaintiff was acting in the course and scope of her employment with Defendant.

14.     Darlene Haley, Plaintiff's mother, was also hired, qualified and retained as a driver for Defendant.

15.     Defendant has a policy that requires that each truck have two drivers.

16.     Ms. Haley, Plaintiff's mother, was partnered with her as a driver.

17. Plaintiff's mother was injured while at work requiring her to be off work – making her disabled as that term is known in law. That meant that Plaintiff was unable to drive and was on layover status until her mother could drive, or she was assigned a partner to drive.

18. Defendant's drivers are paid layover pay per day when they are able to drive, but their partner is not. Plaintiff did not receive 21 days of layover pay.

19. Once it was clear that Plaintiff's mother would not be physically able to return to work due to disability, Plaintiff requested another partner driver. Plaintiff's requests were ignored.

20. Given that she was being ignored in her requests for partner drivers, Plaintiff set out to find other drivers who would and could partner with her.

21. Plaintiff sought help and actually located multiple other drivers who were ready, willing, and able to and agreed to partner with her, but her supervisor, Jimmy Knighton, would not assign her any new partner.

22. For more than thirty (30) days Defendant refused to assign Plaintiff to one of the partners she located, despite her repeated requests. The thirty-day mark was important because Defendant has a policy that if a driver does not drive for thirty (30) days, the driver's job is terminated.

23. Even after the thirty-day mark, Plaintiff attempted to have a new co-driver approved, but Defendant would not assign one even though other drivers were available and had agreed to drive with her.

24. Plaintiff even wrote a letter to Defendant's owner, Zach England, seeking help because her supervisor would not put her back on the road. He gave no assistance.

**EXHIBIT B**

25.     Finally, Plaintiff sent an email on June 5, 2020 at 11:36 a.m. informing Defendant that she was going to the EEOC because of her treatment. *At 12:50 p.m. that same day* through a response email Defendant terminated Plaintiff from her employment.

26.     This was all done by Mr. Knighton and Defendant as discrimination for and retaliation due to Plaintiff's mother's disability and for Plaintiff exercising her right to go to the EEOC to assert her legally protected rights.

27.     Plaintiff has been damaged by discrimination and retaliation because of her mother's disability treatment as disabled or perceived disability[1]; for retaliation of her mother for her disability (she too was fired[2]), and because of Plaintiff complaining that she was asserting protected rights under law.  She lost the rights and benefits of her employment in violation of Title VII of the Civil Rights Act of 1964 as amended, the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code.

## IV.

## CAUSES OF ACTION

### Discrimination and Retaliation

28.     This suit includes any other cause of action set out within this Petition and subsequent supplements and/or amendments.  Defendant through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination and retaliation as alleged above.

29.     Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

---

[1] *Thompson vs. North American Stainless, LP*, 562 US 170 (2011)
[2] *Id.*

**EXHIBIT B**

30. Furthermore, Defendant is liable for the conduct of their employees, officers, and superiors due to the doctrine of *respondeat superior.*

31. Plaintiff pleads "cat's paw" analysis as that term is known in law.

32. As a direct and proximate result of Defendant's above breaches, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as well as emotional distress damages and is thereby entitled to general and compensatory damages.

## V.

## ATTORNEYS' FEES, COSTS AND EXPENSES

33. As a further direct and proximate result of Defendant's violations of law, as heretofore described, the Plaintiff has been compelled to retain the services of counsel in an effort to protect her rights, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. The Plaintiff requests that attorneys' fees, costs and expenses (including but not limited to expert witness fees) be awarded pursuant to all applicable laws.

## VI.

## JURY TRIAL REQUESTED

34. Plaintiff requests a jury in this case.

## VII.

## AD DAMNUM

35. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon notice and hearing that judgment be entered in her favor and against Defendant for general and

**EXHIBIT B**

compensatory damages; exemplary and punitive damages; liquidated damages, pre-judgment and post-judgment interest as allowed by law; attorneys' fees; costs; and expenses. Plaintiff further requests all equitable relief allowed under law.

Respectfully submitted,

*/s/ Charles H. Peckham*

Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@pmlaw-us.com

Mary A. Martin
TBN: 00797280
FBN: 12272
mmartin@pmlaw-us.com

PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044

**COUNSEL FOR PLAINTIFF**